ESSEC FULLER *versus* LYDIA A. BARTLETT.

In a suit against a married woman, upon a contract entered into by her while
she was married, having a husband residing in this State, but accustomed
to trade and do business as a *femme sole*, and living separate from her hus-
band, the coverture of the defendant is a perfect defence.

Coverture, under such circumstances, may be proved under the general issue.

ON REPORT from *Nisi Prius*, MAY, J., presiding.

This was an action of assumpsit.

The jury found a verdict for the plaintiff for a given sum,
but there was a question of coverture relied upon in defence,
in regard to which it was agreed by the parties that the jury
should return answers to three questions, and that the said
questions and answers thereto should be reported to the full
Court; and the parties agreed, that if the facts found by the
jury in relation to the coverture of the defendant and the
other matters contained in the answers to said questions, con-
stituted a good defence to said action, then the plaintiff was
to become nonsuit, otherwise judgment was to be rendered
upon the verdict.

The following are the questions referred to, with the an-
swers returned to them:—

1. Was the defendant at the time of the contract declared
upon, and of the charges made in the plaintiff's writ, a mar-
ried woman, and had she then a lawful husband residing in
this State?

*Answer.* — The jury find she was a married woman at the
aforesaid time, and that she then had a lawful husband resid-
ing within this State.

2. Has the defendant resided with her husband in this State,
and if they do not live together as husband and wife, how
long is it since they ceased to live together?

*Answer.* — The defendant has resided with her husband in
this State, and they have ceased to live together for the space
of six years.

3. Has the defendant been accustomed to trade in her own

name, and do business as a *femme sole;* and if so, for how long a time ?

*Answer.*—The defendant has been accustomed to trade in her own name, and do business as a *femme sole,* for the space of six years.

*Morrill* and *Fessenden,* for defendant.

It is a well established principle of the common law, that a married woman cannot generally enter.into any contract binding her to pay money. She has in legal contemplation no separate existence. Chitty on Contracts, 39 ; Powell on Contracts, vol. 1, c. 17, § 286 ; 2 Kent's Com. 150, 167 ; *Lane* v. *McKeen & ux.,* 15 Maine, 384 ; *Ex parte Thomes,* 3 Maine, 50 ; *Commonwealth* v. *Collins,* 1 Mass. 115 ; *Kirby* v. *Tead & ux.,* 13 Met. 149 ; *Howe* v. *Wildes & ux.,* 34 Maine, 566.

To this general rule there are certain exceptions. One of them is, when the legal existence of the husband may be considered as extinguished or suspended, when he is dead in law, as in the case of transportation for life, or a limited term. Chitty on Con. 40. So, when he abjures the realm. *Gregory* v. *Pierce,* 4 Met. 478 ; Parsons on Con. vol. 1, c. 17, p. 298, note, (b.) ; *Shaw* v. *Thompson,* 16 Pick. 198 ; 2 Kent's Com. 154, note (c.) 159, 160.

It is further contended, that the recent legislation in this State gives no new power to married women to enter into contracts, excepting for a specific purpose, to wit, for the purpose of prosecuting or defending certain suits. Statute of 1844, c. 117 ; Stat. 1848, c. 27 ; Stat. 1848, c. 73 ; Stat. 1852, c. 227 ; Stat. 1855, c. 120 ; Stat. 1856, c. 250.

These statutes, being in derogation of the common law, are not to be extended by implication beyond their express provisions. *Swift* v. *Luce,* 27 Maine, 285 ; *Ballard & ux.* v. *Russell,* 33 Maine, 196 ; *Davis* v. *Millet & ux.* 34 Maine, 429 ; *Howe & al.* v. *Wildes & ux.,* 34 Maine, 566 ; *Brown* v. *Lunt,* 37 Maine, 423 ; *Gregory* v. *Pierce,* 4 Met. 478 ; *Shaw* v. *Thompson,* 16 Pick. 198 ; *Southard* v. *Piper,* 36 Maine, 84.

It is said by plaintiff, that the suit at bar is brought to enforce a lien by virtue of the statutes of the State. But

there can be no lien where there is no valid contract. *Kirby* v. *Tead & ux.* 13 Met. 149.

*T. & M. T. Ludden,* for plaintiff.

1. The defendant did not plead her coverture in abatement, and so cannot show it. Bacon's Abr. Baron & Feme, L.; 2 Williams' Saunders, 101, E.; 2 Ld. Raym. 1525; *Corbet* v. *Poelnitz & ux.* 1 T. R. 5; *Marshal* v. *Rutton,* 8 T. R. 545; Co. Litt. 125; 2 Institutes, 390; *Tisdale* v. *The Rambler,* Bee, 9; *Dickerson* v. *Davis,* 1 Strange, 480; *Gregory* v. *Paul,* 15 Mass. 31; *Abbott* v. *Bailey,* 6 Pick. 89; *Benner & ux.* v. *Fowle & ux.,* 31 Maine, 305.

2. If defendant would avail herself of the principles of the common law, she must bring herself within its pale. If she is to be treated as a *femme couverte,* she must sign her plea of coverture; she cannot constitute an attorney. *King* v. *Jones,* 2 Ld. Raym. 1525; 4 T. R. 362; 3 T. R. 628, 629; 2 Williams' Saunders, 213; *Humphreys* v. *Vaughan,* 1 Shaw, 13; 2 Williams' Saunders, 209, B.; *Aulds* v. *Sanson,* 3 Taunt. 261; *Whitmore & ux. & al.* v. *Delano,* 6 N. H. 543, and cases there cited; *Kidderlin* v. *Meyer,* 2 Mills' Penn. R. 295. The plea too must be "in her proper person and under oath." Coke Litt. 125, 126; 2 Institutes, 390; F. W. B. 27; *Tisdale* v. *The Rambler,* Bee, 9.

In the case at bar, the defendant appeared by her attorney, and her specifications of defence are signed by her attorney.

3. The case finds that the defendant put into the case a contract, which she calls her contract. Can she at the same time declare she can, and that she cannot contract?

4. But the case shows that defendant lived apart from her husband, and traded as a *femme sole.* There is good authority for saying that, in such a case, she may contract. *Rhea* v. *Rhemur,* 1 Peters, 105. *A fortiori,* in this State, where a married woman may hold her estate separate from her husband, should she not be liable in her own engagements, made for the benefit of that estate?

The doctrine of the common law, that a married woman cannot contract, has exceptions. Where the husband has

been banished or has abjured the realm, she may contract. *Gregory* v. *Paul*, 15 Mass. 31, and cases there cited. The Court is asked to notice the reasons given in the case last cited, for the exceptions. The *necessity* of the case is as striking in the case at bar as in the cases referred to by the Court.

5. It is contended that, under our statutes, married women may in cases like this make contracts that shall bind them. *Southard* v. *Piper*, 36 Maine, 84; Stat. of 1844, c. 117; Stat. of 1852, c. 227. The operation of these statutes, and the separation of the defendant from her husband, ought to make her liable on her contracts, as much as if the husband had "abjured the realm." See also the case in 2 Espinasse, 554, cited in 15 Mass. 34.

How can the statute grant the power to a married woman to hold property in her own right, and to sell and dispose of the same as though she were unmarried, and to execute the necessary papers thereto, &c., and have all the benefit of such property to herself and posterity, and refuse the party who enhances the value of such property any remedy whatever to recover compensation?

The plaintiff does not need to contend that the negotiable note of a married woman is valid, which was the case in *Brown* v. *Lunt*, cited by defendant, but only that she is liable on contracts for the benefit of her separate property, so far as they are in fact beneficial.

The common law denies the power of contracting to married women, because they can acquire no property. It is submitted, that the reason fails in this State and under our statutes, in cases where the property of the wife is benefited by the contract. 2 Kent's Com. 149, 150.

6. The action is brought to enforce a lien by virtue of R. S., c. 125, §§ 37 and 38, amended by stat. of 1850, c. 159. By these statutes, any person contracting with the "owner," has a lien, &c. If the defendant has the power to sell and convey, she must be considered the owner in contemplation of law, and may charge her estate with the claim.

If *non* lien claims are sued for, the plaintiff has the right, which he prays may be allowed, to remit so much of his claim as comes within that description. The amount is at any rate very trifling.

HATHAWAY, J.—Assumpsit on the defendant's contract of August 26, 1854, and sundry charges in the bill of particulars annexed to the writ, dated August 4, 1855.

At the date of the contract, and charges sued for, the defendant was a married woman, having a husband residing within this State, and with whom she had resided, within this State, prior to the spring of 1850, when they ceased to live together; and after that time, she was accustomed to trade and do business as a *femme sole.*

The plea was the general issue, under which plea the defendant's *coverture,* at the time when the contract was made, may be given in evidence.

The case must be decided according to the legal rights of the parties, as they existed when the suit was commenced.

Her *coverture* was a perfect defence. *Howe & al.* v. *Wildes & ux.,* 34 Maine, 566.

As agreed by the parties, *A nonsuit must be entered.*

TENNEY, C. J., and RICE, CUTTING, and GOODENOW, J. J., concurred.